SCOTT *v.* STATE.

Opinion delivered October 6, 1913.

APPEAL AND ERROR—INSTRUCTIONS—MOTIVE—SINGLING OUT EVIDENCE.—In a trial of appellant for murder, an instruction "that the proof of the presence of a motive or the absence of a motive upon the part of the defendant with reference to the killing of his wife has absolutely nothing to do with the case," *held* erroneous as virtually telling the jury that they could not consider the proof, relative to

the presence or absence of a motive for the commission of the crime.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; reversed.

*J. H. Hawthorne* and *Horace Sloan,* for appellant.

The court's fourth instruction to the effect that proof of the presence or absence of a motive was immaterial and had no bearing upon an issue of insanity as a defense to the crime of murder, was erroneous (1) because the presence or absence of a motive is often the test as to whether a man's acts are rational or irrational; (2) because it singles out evidence and calls the attention of the jury to one fact adduced in evidence to the exclusion of other facts equally material. 77 Ark. 418-421.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Insanity as a defense must be proved by a preponderance of the evidence. 20 Ark. 523; 50 Ark. 330-333; *Id.* 511-519; 54 Ark. 588-602. And to warrant an acquittal it must be the sole cause of the crime. 64 Ark. 523-535; 55 Ark. 259.

2. Instruction 4 is correct. 83 Ark. 316-323.

KIRBY, J. Appellant appeals from a judgment of conviction of murder in the first degree for killing his wife.

The testimony shows that J. L. Smith and his wife took dinner on the day of the murder at appellant's house, and that after dinner his wife, the deceased, accompanied Mrs. Smith home. No ill feeling was known by her to exist between appellant and his wife, and she was well acquainted with the family, having lived close to them and known them for a long time. Appellant, shortly afterward, came to Smith's house, where his wife was visiting, and asked her when she was coming home, and she replied, "Pretty soon," and he said, with an oath, "You need not come back at all," and went home. The deceased and Mrs. Smith then went to Mrs. Casey's, next

door, and the defendant returned shortly and asked his wife, "Why didn't you come home?" and she replied, "You told me I needn't come unless I wanted to, and I am not coming." He thereupon grabbed her and attempted to cut her throat with a knife, which was taken from him by a couple of other women present; he then threw his wife off of the porch into the yard and jumped on her and stamped her in the face with his foot, and then took up a stick of stovewood and beat her over the head with it, while she was continually begging him to desist, saying, "Honey, please don't," and the other women were trying to prevent him beating her. He finally caught her around the neck and dragged her away to his home, still carrying the stick of wood with him.

The wife's face and head were crushed by the blows, and she died at 1 o'clock the next morning.

The constable testified that he went to Scott's house, after being telephoned about 5 o'clock in the afternoon; that there was no one there but Scott and his wife, and he did not go into the house until after the doctor came. The reason he did not go in was that Casey hallooed to him that he had taken to the woods. He said further that the only reason that appellant gave for committing the act was jealousy. There was also testimony tending to establish the insanity of appellant.

Appellant relied upon insanity as a defense, and the court, over his objections, among others, gave instruction numbered 4, as follows:

"You are instructed that the proof of the presence of a motive or the absence of a motive upon the part of the defendant with reference to the killing of his wife has absolutely nothing to do with this case. It is not incumbent upon the State to prove either the presence or the absence of a motive for the killing; and the presence or the absence of a motive has no bearing whatever upon an issue of insanity as a defense to the crime of murder."

This court has held that it is not proper for the court in its instructions to single out the proof of motive or the absence of motive, and tell the jury that they may

consider that as a circumstance in favor of the guilt or innocence of the accused. That by doing so undue weight is given the proof, thus invading the jury's province; that it is error to single out the question of motive for the commission of the crime, and point to it as a proper subject of consideration as an evidence of defendant's guilt, and that it is equally erroneous and improper to point to the want of motive as an evidence of his innocence.

"In criminal prosecutions it is competent to introduce testimony of facts and circumstances tending to show a motive or absence of motive for the commission of the crime by the accused, as tending, with more or less force, to establish his guilt or innocence. It is not improper for the court to instruct the jury that they may consider such testimony for that purpose. But this should be done in connection with all the other facts and circumstances proved." * * * *Ince* v. *State,* 77 Ark. 418.

The instruction is erroneous in stating that the proof of the presence or absence of a motive upon the part of the defendant for killing his wife had absolutely nothing to do with the case. It is true, it is not incumbent upon the State to prove, either the presence or the absence of the motive, but the jury had the right to consider such testimony in determining the guilt or innocence of the defendant, and the court, in the instruction, is in error in declaring that the presence or absence of a motive had no bearing whatever upon an issue of insanity as a defense to the crime of murder. The instruction virtually told the jury that they could not consider the proof, relative to the presence or absence of a motive for the killing; that that had absolutely nothing to do with the case and no bearing whatever, upon an issue of insanity as a defense to the crime charged. Since the appellant was entitled to a consideration by the jury of the testimony, relating to the presence or absence of a motive for the commission of the crime, he was, in effect, deprived of this right by the said instruction, which was also erro-

neous, as given, in singling out the proof relative thereto.

The evidence shows the unprovoked and brutal murder of deceased by her husband, the appellant, who gave no explanation of his act, and plead as a defense to his crime his insanity.

The erroneous instruction was prejudicial, in declaring that the proof, relating to the presence or absence of motive, had no bearing whatever upon the issue, and, in effect, a direction to disregard it, and the case must be reversed on that account, according to the opinion of a majority of the court, in which I do not concur.

The judgment is reversed and the cause remanded for a new trial.